FILED
2017 May-17  AM 11:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATED DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **SHIRLEY A. MCABOY,** an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | |
| **THE WESTERVELT COMPANY, INC.,** | ) | |
| a foreign corporation, | ) | **JURY DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW** Shirley A. McAboy (hereinafter "Plaintiff" or "McAboy") and brings this civil action seeking redress for Defendant The Westervelt Company, Inc.'s ("Defendant" or "Westervelt") unlawful workplace discrimination and retaliation based on Plaintiff's gender and breach of contract by Defendant Westervelt, in violation of Section 703 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and certain rights conferred by state law.

## INTRODUCTION

This cause of action arises out of Defendant's unlawful discharge and gender discrimination of McAboy after she complained of sexual harassment by her co-workers. Defendant hired McAboy in October of 2000, and she was promoted several times during her employment for her work performance. However, during her employment, McAboy suffered repeated sexual harassment from her co-workers. She sought assistance from Westervelt's management and human resources, but they were not responsive to her complaints and failed to investigate and address the sexual harassment. Subsequently, Defendant unlawfully discharged McAboy in retaliation for her complaints of sexual harassment against her co-workers.

Defendant also knew or should have known that its business practices, including but not limited to its discipline, has an illegal disparate impact on female employees, and has failed to take adequate measures to rectify this disparate impact. Indeed, Defendant's discriminatory conduct against Plaintiff includes: (a) gender discrimination; (b) interference with federal and state rights, and (c) breach of contract.

Plaintiff respectfully asks this Court for declaratory, injunctive, and equitable relief concerning the illegal actions of Defendant, and for this cause of action would respectfully show the Court as follows:

## JURISDICTION AND VENUE

1.    Jurisdiction is proper pursuant to 28 U.S.C. § 1331, as this is a matter arising under the laws of the United States, specifically Title VII.

2.    Jurisdiction is proper pursuant to 28 U.S.C. § 1332, as this matter exceeds the value of $75,000, exclusive of interests and costs, and is between citizens of different states.

3.    Venue is proper in the Northern District of Alabama pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f) because, a substantial part of the events giving rise to this claim occurred in Tuscaloosa, specifically the unlawful discriminatory practices alleged in this complaint were committed in Tuscaloosa, Alabama, which is in the Northern District of Alabama.

## PARTIES

4.    Plaintiff McAboy is a woman over the age of nineteen (19) and a resident of Cuba, Sumter County, Alabama. Plaintiff McAboy is a citizen of Alabama. Defendant employed McAboy from October 30, 2000 through June 8, 2016, in its Tuscaloosa, Alabama location.

5.    Defendant Westervelt is a corporation incorporated in the State of Delaware, and operates a lumber processing plant located at 1400 Jack Warner Parkway NE, Tuscaloosa, Alabama 35404.

Defendant Westervelt is registered with the Alabama Secretary of State as a foreign corporation, and is a citizen of Delaware.

6.     At all times relevant to this action, Defendant was and is an employer within the meaning of Title VII.

## ADMINISTRATIVE EXHAUSTION

7.     On or about August 28, 2016, Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge #420-2016-03133 (attached hereto as Exhibit 1), in which she complained that Defendant subjected her to discrimination and retaliation in relation to the terms, conditions, and benefits of her employment because of her gender.

8.     On March 10, 2017, the EEOC issued its Dismissal and Notice of Rights giving Plaintiff authorization to file a private action (attached hereto as Exhibit 2).

9.     Plaintiff initiated this action within 90 days of March 10, 2017.

## FACTUAL ALLEGATIONS

10.     Plaintiff began employment with Defendant as a molder in its Tuscaloosa, Alabama lumber plant on October 30, 2000.

11.     Plaintiff was initially hired as a full-time employee and worked an average of forty (40) hours in the Tuscaloosa plant.

12.     On January 10, 2002, based on Plaintiff's performance, Defendant promoted Plaintiff to a sorter operator, and she continued to work approximately 40 hours or more per week in the Tuscaloosa plant. On June 13, 2005, she was promoted from sorter operator to stacker operator, and she continued to work approximately 40 hours or more per week in the Tuscaloosa plant.

13.     During her employment with the Defendant, McAboy worked in a hostile environment where she was sexually harassed and discriminated against based on her gender.

14.     McAboy repeatedly sought assistance from Defendant's management and human resources department to stop this harassment, but she was continually ignored and denied relief from the hostile work environment. Defendant refused to act on her pleas for help and failed to investigate her complaints.

15.     The harassment inflicted upon McAboy during her employment made it impossible for her to work harmoniously with her co-workers. She was constantly targeted by employees Marvin Ash and Bryant Johnson. Ash constantly called her names, used extreme profanity in her presence that was directed at her and toward her family members. Specifically, Mr. Ash called Ms. McAboy a "bitch," "slut," and "dumb ass." He even told her he wanted to "f*&k" her daughter.

16.     On or about June 8, 2016, Defendant wrongfully discharged Plaintiff in violation of her federal and state protected rights because she complained of her co-worker's sexual harassment and her hostile work environment.

17.     Plaintiff filed her Charge of Discrimination against Defendant on August 28, 2016, in which she articulated that Defendant discriminated against her in violation of Title VII.

## VIOLATION OF TITLE VII

18.     Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 17 above as if fully set forth herein.

19.     Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a) provides: "It shall be an unlawful employment practice for an employer -- (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation,

terms, conditions or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

20.     Plaintiff was qualified for her position as an operator, and is a woman.

21.     Plaintiff was forced to suffer unwelcome conduct of a sexual nature from her co-workers on a continual basis and such conduct created a hostile work environment in Plaintiff's workplace. Plaintiff suffered said unwelcome conduct because of her gender.

22.     When Plaintiff complained to Defendant of said harassment, Defendant retaliated by discharging her for her protest.

23.     Defendant is an employer subject to the proscriptions of Title VII.

24.     Defendant willfully and maliciously discriminated against Plaintiff by discharging her for her refusal to endure the above referenced wrongful conduct, and her complaints against sexual harassment by her co-workers.

25.     As set out above, Defendant commenced to treat Plaintiff adversely after she complained that she was being sexually harassed by her co-workers.

26.     Defendant failed to investigate and stop the hostile work environment created by the sexual harassment of Plaintiff by her co-workers.

27.     Defendant failed to take any prompt and effective remedial action reasonably calculated to result in the prevention or remedy of the sexual harassment of Plaintiff.

28.     Defendant discharged Plaintiff because she complained of her co-worker's sexual harassment and her hostile work environment.

29.     Defendant condoned and ratified the unlawful discriminatory actions against Plaintiff.

30.     Defendant violated the proscriptions against gender discrimination established by Title VII.

31.     Plaintiff was forced to endure a hostile work environment where she was continuously and repeatedly subjected to unwelcome conduct of a sexual nature from her co-workers. But for her gender, Plaintiff would not have been the object of harassment.

32.     Defendant's unlawful conduct was done with malice and/or reckless disregard of, and/or unresponsiveness to, Plaintiff's federally protected rights.

33.     As a result, Plaintiff has suffered lost income, emotional and psychic injury, and other damages.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that this Honorable Court will issue a judgment against Defendant awarding the following:

a)      Lost wages;

b)      Compensatory damages;

c)      Punitive damages;

d)      Pre-judgment and post-judgment interest;

e)      Reasonable attorneys' fees;

f)       Plaintiff's costs and expenses;

g)      Any and all relief allowable by law; and

h)      Any other relief the Court deems just and appropriate.

## JURY DEMAND

Plaintiff hereby respectfully requests a jury trial on all issues so triable.

Respectfully submitted on this the 17th day of May, 2017.

/s/Diandra Debrosse Zimmermann
Diandra S. Debrosse Zimmermann
ASB-2956-N76D
*Attorney for the Plaintiff*

**OF COUNSEL**
ZARZAUR MUJUMDAR & DEBROSSE- TRIAL LAWYERS
2332 2nd Avenue North
Birmingham, Alabama 35203
T: 205-983-7985
F: 888-505-0523

C: 205-305-3817
E: fuli@zarzaur.com

**SERVE BY CERTIFIED MAIL**

**The Westervelt Company, Inc.**
1400 Jack Warner Parkway NE
Tuscaloosa, Alabama 35404

# EXHIBIT 1

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other Information before completing this form. | | ☐ FEPA | |
| | | ☒ EEOC | 420-2016-03133 |
| | State or local Agency, if any | | and EEOC |

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Shirley A. McAboy** | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **THE WESTERVELT COMPANY** | 201 - 500 | (205) 344-1844 |

| Street Address | City, State and ZIP Code |
|---|---|
| **P.O. Box 48999, Tuscaloosa, AL 35404** | |

SEP - 7 2016
E.E.O.C.
BIRMINGHAM DISTRICT

| Name | No Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest — Latest |
| ☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN | 02-16-2016   06-08-2016 |
| ☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION | |
| ☐ OTHER (Specify) | ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am female and was hired by the above named employer on October 30, 2000, in the position of Operator. I performed my duties without complaints. I was sexually harassed on a continuing basis by a male co-worker, Marvin Ash, who referred to me as a "bitch," "slut," and "dumb ass," most recently on or around June 8, 2016. He even told me that he wanted to f....k my daughter. The comments were made in the presence of coworkers. I complained to my supervisor on many occasions, but no corrective actions were taken. My employment was terminated on June 8, 2016. Mr. Ash was written up four days after my discharge.

Supervisor James Scott and Plant Manager Scottie Noble said that I was being terminated because someone complained about me. No other details were provided. I believe the stated reason is a pretext for discrimination.

I believe I was retaliated against for participating in a protected activity and discriminated against due to my sex, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| *8-28-16*   *Shirly McAboy* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date          Charging Party Signature | |

# EXHIBIT 2

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Shirley A. McAboy | From: **Birmingham District Office**<br>**Ridge Park Place**<br>**1130 22nd Street**<br>**Birmingham, AL 35205** |

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2016-03133 | **RICHARD GROOMS,**<br>**Investigator** | **(205) 212-2115** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Delner Franklin-Thomas,
District Director

MAR 10 2017
(Date Mailed)

Enclosures(s)

cc:
The Westervelt Company
c/o John B. Holmes III, Esq.
Maynard, Cooper & Gale, PC
1901 6th Ave. N.
Birmingham, AL 35203

Diandra S. Zimmermann, Esq.
Zarzaur, Mujumbar & Debrosse Trial Lawyers
2332 2nd Avenue North
Birmingham, AL 35203

Enclosure with EEOC
Form 161 (11/16)

### INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit *before 7/1/10 -- not 12/1/10 --* in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*